**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 19, 2017

LETTER TO COUNSEL

RE: *Nancy Brocato v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2540

Dear Counsel:

On July 12, 2016, Plaintiff Nancy Brocato petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Brocato's reply. (ECF Nos. 17, 23, 25). In addition, I have reviewed Plaintiff's supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), and the Commissioner's response thereto.[1] (ECF Nos. 22, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Brocato filed her claims for benefits on September 10, 2012, alleging a disability onset date of July 1, 2010. (Tr. 207-19). Her claims were denied initially and on reconsideration. (Tr. 126-32, 139-42). A hearing was held on December 2, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 40-74). Following the hearing, the ALJ determined that Ms. Brocato was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-28). The Appeals Council denied Ms. Brocato's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Brocato suffered from the severe impairments of "mild degenerative disc disease of the lumbar spine, asthma, bipolar/depressive disorder, anxiety disorder, and history of cocaine and alcohol abuse in reported remission." (Tr. 17). Despite these impairments, the ALJ determined that Ms. Brocato retained the residual functional capacity ("RFC") to:

---

[1] The parties were notified of the potentially relevant ruling in *Lewis* in a letter order dated June 5, 2017. (ECF No. 20). The letter order provided the parties an opportunity to determine whether supplemental briefing was necessary to address the apparent *Lewis* issue. Plaintiff filed her supplemental brief on June 19, 2017, (ECF No. 22), and the Commissioner timely filed her response on June 28, 2017. (ECF No. 24).

>       perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to frequently climbing, balancing, stooping, kneeling, crouching, and crawling; avoiding concentrated exposure to respiratory irritants; carrying out simple tasks in two-hour increments; avoiding direct interaction with the general public; and adapting to simple changes in a routine work setting.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Brocato could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 22-23).

Ms. Brocato raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ did not engage in a proper analysis of Listing 1.04. Pl. Mot. 8-25. I concur that the ALJ committed an error under *Mascio*, and that remand is therefore appropriate. I also asked the parties to consider whether the case was impacted by the recent ruling in *Lewis*. However, because this case is being remanded on other grounds, I need not reach the *Lewis* issue. On remand, the ALJ should assess Ms. Brocato's credibility based on both her subjective statements and the medical evidence, in accordance with *Lewis*.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired,

as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Even so, the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id.*

In the instant case, the ALJ found that Ms. Brocato had "moderate" difficulties maintaining concentration, persistence, or pace. (Tr. 18). The entirety of the analysis states, "Consultative examiner Dr. Cascella indicated that [Ms. Brocato] was able to understand and follow simple instructions, and she scored 26 of 30 on a mini mental status examination. She complained of trouble concentrating, but the record does not demonstrate objective signs of concentration or memory problems. She testified that she cannot do two things at once but can do one thing at a time." *Id.* According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Ms. Brocato's case suggests that the finding of "moderate difficulties" was based exclusively on Ms. Brocato's reported issues in concentration, since the remaining sentences in the analysis would suggest mild or no limitations. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Brocato to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC to "carrying out simple tasks in two-hour increments[.]" (Tr. 19). Moreover, although the ALJ includes a limitation to performing tasks in two-hour increments, this limitation does not account for any breaks in addition to those encompassed by a normal workday. *See* SSR 96-9p (noting that a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks). Thus, the restriction to working in two-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Brocato is not entitled to benefits is correct or incorrect.

Ms. Brocato also contends that the ALJ did not engage in a proper analysis of Listing 1.04. Specifically, the ALJ in this case found as follows: "Listing 1.04 is considered herein for [Ms. Brocato's] back pain, but the record notes only minimal degenerative spurring, without evidence of the required nerve compression, spinal stenosis, or spinal arachnoiditis." (Tr. 18). In the RFC assessment, the ALJ also noted that Ms. Brocato's physical examinations were "within normal limits," (Tr. 20), that her "[b]alance, gait, and lower extremity strength were noted as normal," (Tr. 21), and that "her pain was improved with medication," *id.* Moreover, the ALJ cited Dr. Vissing's determination that Ms. Brocato's back pain was "stable." (Tr. 21) (citing (Tr. 466)). However, the ALJ did not provide any further evidence to support her conclusion that Ms. Brocato's impairments did not meet or medically equal Listing 1.04. Although this deficiency might not warrant remand standing alone, because the case is being remanded on other grounds, the ALJ should, on remand, expand her Listing analysis to cite specific medical evidence pertaining to each Listing the ALJ deems relevant, including Listing 1.04. In particular, where there is evidence that could be used to support one of the relevant

*Nancy Brocato v. Commissioner, Social Security Administration*
Civil No. SAG-16-2540
July 19, 2017
Page 5

Listing criteria, the ALJ should explain her evaluation of that evidence in connection with her Listing conclusions.

    For the reasons set forth herein, Ms. Brocato's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                        Sincerely yours,

                               /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge